1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEIN COLE,

          Plaintiff,

    v.

R. MCFADDEN-JENSEN, et al.,

          Defendants.

Case No. 20-cv-06400-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Stein Cole's 42 U.S.C. § 1983 complaint is DISMISSED with leave to file an amended complaint on or before **March 29, 2021**.  His allegations contain unrelated and factually insufficient claims against more than thirty defendants at three different prisons, one of which is outside this district.  This is improper.  Fed. R. Civ. P. 20(a)(2).  In the amended complaint, Cole must decide which of his claims to pursue, as discussed below.  Failure to file a proper amended complaint by the deadline, or a failure to comply in every respect with the instructions given in this order, likely will result in the dismissal of this suit and the entry of judgment in favor of defendants.

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

2    plausibility when the plaintiff pleads factual content that allows the court to draw the

3    reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

4    *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

5    conclusions cast in the form of factual allegations if those conclusions cannot reasonably

6    be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

7    (9th Cir. 1994).

8         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

9    elements:  (1) that a right secured by the Constitution or laws of the United States was

10   violated, and (2) that the alleged violation was committed by a person acting under the

11   color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

12   **B.    Legal Claims**

13        Cole raises claims against more than thirty defendants who are employed at three

14   different prisons--Mule Creek State Prison, CTF-Soledad, and Salinas Valley State Prison.

15   He raises claims under (i) the First Amendment and Religious Land Use and

16   Institutionalized Persons Act for religious discrimination and retaliation; (ii) the

17   Rehabilitation Act; (iii) the Americans With Disabilities Act, (iv) the Fourteenth

18   Amendment; and (v) the Eighth Amendment.

19        Many of the alleged incidents occurred at Mule Creek State Prison, which is not in

20   the Northern District.  Accordingly, all Mule Creek defendants and claims are

21   DISMISSED without prejudice to Cole filing suit against these defendants in the Eastern

22   District of California, where Mule Creek is located.

23        Many of Cole's remaining claims are based on unrelated incidents occurring at

24   different prisons (CTF-Soledad and Salinas Valley) by different persons.  This is improper.

25   He may not bring unrelated claims in one suit.  Federal pleading rules require that claims

26   be based on "the same transaction, occurrence, or series of transactions or occurrences"

27   and pose a "question of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2).

28   In his amended complaint, he must decide which claim he wishes to pursue. He may then

United States District Court
Northern District of California

2

1    allege facts that give rise to that claim and any other claim that is closely related to the

2    facts involved, as required by Rule 20(a)(2).  As should be clear from that instruction, in

3    the amended complaint Cole must choose to bring his claim(s) against either (i) the CTF-

4    Soledad defendants **or** (ii) the Salinas Valley defendants.

5         His religious exercise claims are deficient for a separate reason.  He has not

6    described what religion he follows, or exactly how his exercise of this religion has been

7    inhibited.  It fails to state a claim on which relief could be granted.

8         For those reasons, Cole's Complaint is DISMISSED with leave to amend.  I

9    DISMISS without leave to amend his claims for injunctive relief against defendants at

10   CTF-Soledad and Salinas Valley.  Because plaintiff is now housed at Mule Creek,

11   injunctive relief claims at the other two prisons are moot.

<strong>CONCLUSION</strong>

13        The complaint is DISMISSED with leave to file an amended complaint in

14   accordance with the discussion above on or before **March 29, 2021.**  The amended

15   complaint must include the caption and civil case number used in this order (20-06400

16   WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  The

17   amended complaint must also appear on this Court's form.  Because an amended

18   complaint completely replaces the previous complaints, plaintiff must include in his first

19   amended complaint all the claims he wishes to present and all of the defendants he wishes

20   to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not

21   incorporate material from the prior complaints by reference.

22        Failure to file an amended complaint in accordance with this order likely will result

23   in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to

24   prosecute.

25        **IT IS SO ORDERED.**

26    **Dated:**  February 18, 2021



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3